THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORRAINE GORMAN, | Civil Action No. 11-cv-0150 (AK) |
| MICHAEL WALL, | Civil Action No. 11-cv-0152 (AK) |
| CAROLYN YOUNG, | Civil Action No. 11-cv-0153 (AK) |
| TARSHA WOOD, | Civil Action No. 11-cv-0154 (AK) |
| SHIRLEY PETWAY, | Civil Action No. 11-cv-0155 (AK) |
| ANGELA FLORES, | Civil Action No. 11-cv-0156 (AK) |
| JEMINA HUNTLEY, | Civil Action No. 11-cv-0157 (AK) |
| YVONNE HUNTLEY, | Civil Action No. 11-cv-0163 (AK) |
| YVONNE HUNTLEY, | Civil Action No. 11-cv-0164 (AK) |
| JUANITA SCOTT, | Civil Action No. 11-cv-0165 (AK) |
| ANGELA FLORES, | Civil Action No. 11-cv-0166 (AK) |
| CHERIE YOUNG, | Civil Action No. 11-cv-0167 (AK) |
| KRYSTAL JONES, | Civil Action No. 11-cv-0168 (AK) |
| TAMIKA JONES, | Civil Action No. 11-cv-0170 (AK) |
| JULETTE DAVIS, | Civil Action No. 11-cv-0171 (AK) |
| ELAINE COUSINS, | Civil Action No. 11-cv-0172 (AK) |
| EVELYN SYKES, | Civil Action No. 11-cv-0173 (AK) |
| ISABELL CRAWFORD, | Civil Action No. 11-cv-0174 (AK) |
| LESTINA WALLACE, | Civil Action No. 11-cv-0175 (AK) |
| YVONNE HUNTLEY, | Civil Action No. 11-cv-0176 (AK) |
| Plaintiffs, | |
| v. | |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

**PLAINTIFFS' MOTION FOR FEES AND COSTS**

Pursuant to 20 U.S.C. § 1415(i)(3)(B) and the implementing regulations, the Plaintiffs move for fees and costs.

For the reasons stated in the Points and Authorities below, the Plaintiffs respectfully request that this Court grant this Motion, award the Plaintiffs fees and costs for the underlying litigation in the amounts identified in Exhibit 1, and award the Plaintiffs the costs and fees of this litigation.

1

Respectfully submitted,

Douglas Tyrka
D.C. Bar #467500
Tyrka & Associates, LLC
2807 27th St., NW
Washington, DC 20008
(ph) (202) 332-0038
(f) (202) 332-0039
tyrka@tyrkalaw.com

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORRAINE GORMAN, | Civil Action No. 11-cv-0150 (AK) |
| MICHAEL WALL, | Civil Action No. 11-cv-0152 (AK) |
| CAROLYN YOUNG, | Civil Action No. 11-cv-0153 (AK) |
| TARSHA WOOD, | Civil Action No. 11-cv-0154 (AK) |
| SHIRLEY PETWAY, | Civil Action No. 11-cv-0155 (AK) |
| ANGELA FLORES, | Civil Action No. 11-cv-0156 (AK) |
| JEMINA HUNTLEY, | Civil Action No. 11-cv-0157 (AK) |
| YVONNE HUNTLEY, | Civil Action No. 11-cv-0163 (AK) |
| YVONNE HUNTLEY, | Civil Action No. 11-cv-0164 (AK) |
| JUANITA SCOTT, | Civil Action No. 11-cv-0165 (AK) |
| ANGELA FLORES, | Civil Action No. 11-cv-0166 (AK) |
| CHERIE YOUNG, | Civil Action No. 11-cv-0167 (AK) |
| KRYSTAL JONES, | Civil Action No. 11-cv-0168 (AK) |
| TAMIKA JONES, | Civil Action No. 11-cv-0170 (AK) |
| JULETTE DAVIS, | Civil Action No. 11-cv-0171 (AK) |
| ELAINE COUSINS, | Civil Action No. 11-cv-0172 (AK) |
| EVELYN SYKES, | Civil Action No. 11-cv-0173 (AK) |
| ISABELL CRAWFORD, | Civil Action No. 11-cv-0174 (AK) |
| LESTINA WALLACE, | Civil Action No. 11-cv-0175 (AK) |
| YVONNE HUNTLEY, | Civil Action No. 11-cv-0176 (AK) |
| Plaintiffs, | |
| v. | |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FEES AND COSTS

### BACKGROUND

The Plaintiffs are the parents of children with special needs, who successfully litigated a case brought against the District of Columbia Public Schools ("DCPS") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., obtaining an order (Hearing Officer's Determination, "HOD") in the Plaintiffs' favor.

The Plaintiffs now seek attorneys' fees and costs under the fee-shifting provision of the

IDEA. The Plaintiffs originally filed complaints for fees and costs with the Small Claims and Conciliation Branch of the Superior Court of the District of Columbia. Attached to each complaint, per the rules of that court, was the underlying HOD and itemization of fees and costs. The Plaintiffs' attorneys filed multiple similar complaints with that court simultaneously.

The District removed this and the other simultaneously filed cases to this court. After that removal, at the request of the Chief Judge the parties agreed to all of the cases being referred to a magistrate judge for all purposes. The Magistrate Judge has ordered the parties to brief the issues in the form of motions for fees and responsive documents.

## LEGAL FRAMEWORK

In litigation under the IDEA, prevailing parties may obtain reasonable attorneys' fees and costs. 20 U.S.C. § 1415(i)(3)(B).

To obtain fees and costs, a party must establish that it is a "prevailing party," that is, "one who has been awarded some relief by the court." Buckhannon Bd. and Care Home v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 603 (2001). Such relief may be awarded in a fully litigated judgment or in a consent decree, either of which "create[s] the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." Id. at 604 (citations omitted).

To determine the reasonable fees to grant to a prevailing party, a court must determine: 1) "the number of hours reasonably expanded in litigation;" 2) the "reasonable hourly rate or 'lodestar';" and 3) any "multipliers as merited." Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516, 1517 (D.C. Cir. 1988) (en banc). The moving party must submit supporting documentation with the motion for attorneys' fees, providing sufficient detail so that the Court can determine that the hours billed were reasonably expended, that the hourly rate charged was

reasonable, and that the matter was appropriately staffed to do the work required efficiently. In re Olson, 884 F.2d 1415, 1428-29 (D.C. Cir. 1989). The party must provide some information about the attorneys' billing practices and hourly rate, the attorneys' skill and experience (including the number of years that counsel has practiced law), the nature of counsel's practice as it relates to this kind of litigation, and the prevailing market rates in the relevant community. See Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995), cert. denied, 516 U.S. 1115 (1996).

Once the moving party has provided such information, the number of hours and the rates are presumed reasonable, and the burden shifts to the non-moving party to rebut the moving party's showing. "[I]n the normal case the [non-moving party] must either accede to the applicant's requested rate or provide specific contrary evidence tending to show that a lower rate would be appropriate." Covington v. District of Columbia, 57 F.3d at 1109-10.

Finally, the overriding principle is that "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

## ARGUMENT

### I. THE PLAINTIFFS ARE PREVAILING PARTIES

Through the HODs, each Plaintiff obtained "some relief," as required by Buckhannon, a "material alteration of the legal relationship of the parties." 532 U.S. at 603-604.

Attached to each Complaint filed in the small claims case was the underlying HOD. See Docket, Receipt of Original File, with attachments. The HOD specifies the relief obtained, i.e., specifies that which DCPS was legally bound to do for the Plaintiff. See id.

Because the court is resolving multiple similar fee petitions at once, for ease of reference the Plaintiffs have created a table summarizing the relief obtained in each case. Exhibit 1.

**II.     THE PLAINTIFFS HAVS FULLY DOCUMENTED THE ATTORNEYS' FEES**

Attached each original Complaint filed in the small claims case was a detailed itemization of tasks performed and hours expended on the case. See Docket, Receipt of Original File, with attachments.

Attached hereto is a verified statement from the lead attorney and head of the Plaintiff's attorneys' firm, which statement provides information regarding the firm's billing practices, the attorneys' skill and experience, the nature of the firm's practice, and the prevailing market rates in this jurisdiction. Exhibit 2. The statement also details billing judgment applied to the itemization. See Exhibit 2 at ¶¶ 6-7.

The Plaintiffs having provided this information, the number of hours and the rates are presumed reasonable, and the District bears the burden of providing "specific contrary evidence tending to show that a lower rate would be appropriate." Covington v. District of Columbia, 57 F.3d at 1109-10.

**III.    THE PLAINTIFFS' REQUESTED FEES ARE REASONABLE**

As the Plaintiffs are prevailing parties, the Court need only determine, from the documentation provided: 1) "the number of hours reasonably expanded in litigation;" 2) the "reasonable hourly rate or 'lodestar';" and 3) any "multipliers as merited." Cumberland, 857 F.2d at 1517.

**A. Plaintiffs' Counsel's Hours Are Reasonable.**

A review of the itemized tasks reveals that the hours claimed are more than reasonable; they are very conservative. As expert specialists in this field, the attorneys and other staff were able to work very efficiently.

Moreover, as shown in the itemization and the attached verified statement, tasks were

efficiently distributed among staff members such that the time of higher rate attorneys was expended only where necessary.

As detailed in the statement, for years DCPS not only declined to criticize the firm's bills, identical in all relevant ways, but affirmatively approved of them. See Exhibit 2 at ¶¶ 19-21.

**B. Plaintiffs' Counsel's Rates Are Reasonable.**

1. <u>The Plaintiffs have not adjusted the rates up as permitted.</u>

When awarding fees under a federal fee-shifting statute, courts should make "an appropriate adjustment for delay in payment – whether by the application of current rather than historic hourly rates or otherwise." <u>Missouri v. Jenkins</u>, 491 U.S. 274, 284 (1989), <u>see</u> <u>Copeland v. Marshall</u>, 641 F.2d 880, 893 n.23 (D.C. Cir 1980) (<u>en banc</u>) (hourly rate may be "based on present hourly rates, rather than the lesser rates applicable to the time period in which the services were rendered," to reduce or eliminate "harm resulting from delay in payment").

In the interest of simplifying the issues in this case, the Plaintiffs have not adjusted the rates to match the firm's current rates, and have instead retained the original rates billed. See Docket, Receipt of Original File, with attachments; Exhibit 2 at ¶ 4 (statement that rates shown were the customary rates at the time of the work); Exhibit 3 (<u>Laffey</u> Matrix).

2. <u>The rates are those customarily charged and received by counsel.</u>

In a review of a motion for fees petition, "*In almost every case, the firm's established billing rates will provide fair compensation.*" <u>Laffey v. Northwest Airlines, Inc.</u>, 746 F.2d 4, 24 (D.C. Cir. 1984), <u>overruled on other grounds by</u> <u>Cumberland</u>, 857 F.2d 1516 (emphasis in original); <u>see</u> <u>also</u> <u>Wilcox v. Sisson</u>, No. 02-1455, 2006 WL 1443981, *2 (D.D.C. May 25, 2006) ("The rates charged by counsel for the winning party are presumptively reasonable if they are the same rates that counsel customarily charge other fee-paying clients for similar work."); <u>Adolph</u>

7

Coors Co. v. Truck Ins. Exchange, 383 F.Supp. 2d 93, 98 (D.D.C. 2005) ("the most fundamental economic analysis indicates that, all things considered, the rate that [a firm] charges its clients is the market rate"); Cobell v. Norton, 231 F.Supp. 2d 295, 302-03 (D.D.C. 2002) ("'There is no better indication of what the market will bear than what the lawyer in fact charges for his services and what his clients pay.'") (quoting Griffin v. Wash. Convention Ctr., 172 F.Supp. 2d 193, 197 (D.D.C. 2001); Allen v. Utley, 129 F.R.D. 1, 7 (D.D.C. 1990) ("when an attorney has a customary billing rate, that rate is the presumptively reasonable rate to be used in computing a fee award").

The rates listed in the itemization were the usual rates charged by Ms. Rooths' counsel. See Exhibit 2 at ¶ 4. They are therefore presumptively reasonable.

   3. <u>The courts have awarded these rates to the Plaintiffs' attorneys in the past.</u>

In two different IDEA cases in this court, two different judges have awarded the firm's clients fees based on rates exactly in line with those presented here, in conformity with the Laffey matrix updated with the Salazar method. See Rooths v. District of Columbia, Civil Action No. 09-0492, Report and Recommendation of March 31, 2011 at 10-11; Friendship Edison Pub. Charter Sch. v. Suggs, Civil Action No. 06-1284, Motion for Attorneys' Fees of July 10, 2008 and Memorandum Opinion of March 30, 2009 at 5-8.[1] Exhibits 5-7.

   4. <u>The rates are in line with prevailing rates in the community.</u>

"In order to demonstrate [prevailing community rates], plaintiffs may point to such evidence as an updated version of the *Laffey* matrix or the U.S. Attorney's Office matrix, or their own survey of prevailing market rates in the community." Covington, 57 F.3d at 1109; see Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354, 371 (D.D.C. 1983) aff'd in part, rev'd in part on

---

[1] The Rooths decision does not (yet) establish issue preclusion regarding the hourly rates because the time to appeal has not passed (and in fact, the District has challenged it before a District Judge). The Suggs decision, against a different party, was never appealed.

8

other grounds, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985).

The most appropriate way to update the Laffey matrix is to adjust it for changes in the legal services component of the Consumer Price Index, as that method "has the distinct advantage of capturing the more relevant data." Salazar v. Dist. of Columbia, 123 F. Supp 2d 8, 14-15 (D.D.C. 2000); see also Ricks v. Barnes, 2007 WL 956940, *5-6 and footnote 3 (D.D.C. March 28, 2007) (relying upon Laffey matrix updated with Salazar method); Smith v. District of Columbia, 466 F. Supp. 2d 151, 156 (D.D.C. 2006) (relying upon Laffey matrix updated with Salazar method); Interfaith Community Organization v. Honeywell International, Inc., 426 F.3d 694, 708-710 (3d Cir. 2005) (upholding trial court's use of Laffey matrix updated with Salazar method); Exhibit 4 (expert economist declaration).

As explained in the verified statement, the firm's rates – the rates they customarily charged to and received from their clients – were perfectly in line with the Laffey matrix updated with the Salazar method. See Exhibit 2 at ¶ 4; Exhibit 3.

5. The Plaintiffs' attorneys are experts in this field.

As detailed in the statement, the Plaintiffs' attorneys are specialists in IDEA litigation in this jurisdiction. Mr. Tyrka, the head of the firm, has been working almost exclusively in the field for eight years, and has litigated over 1000 administrative IDEA cases against DCPS and over 25 federal IDEA cases against the District. Ms. Millis, the firm's special education advocate, has been working in the field for over two decades. The other members of the staff, while not as experienced, were at all times specialists working exclusively on IDEA cases in the District of Columbia.

**IV. THE PLAINTIFFS ARE ENTITLED TO COMPENSATION FOR REASONABLE LITIGATION EXPENSES**

The expenses itemized are of types consistently found to be reasonable. See Exhibit 2 at ¶¶ 3, 5, 19-21. The expenses should be fully reimbursed.

**V. THE PLAINTIFFS ARE ENTITLED TO THE COSTS AND FEES OF THIS ACTION**

A Plaintiff who successfully litigates a case for IDEA fees and costs may also recover "additional fees for time reasonably devoted to obtaining attorney's fees." <u>Kaseman v. District of Columbia</u>, 444 F.3d 637, 640 (D.C. Cir. 2006) (internal quotations omitted). The Court should therefore order a fee petition from the Plaintiffs at the conclusion of this litigation.

**CONCLUSION**

The Plaintiffs are prevailing parties as defined by the IDEA and, as such, is entitled to an award of reasonable attorney's fees and costs. Because the Plaintiffs' requested fees were reasonably incurred in the course of this litigation, the Court should award the Plaintiffs fees in accordance with the time records and supporting verified statement.

Respectfully submitted,

*[signature]*
Douglas Tyrka
D.C. Bar #467500
Tyrka & Associates, LLC
2807 27th St., NW
Washington, DC 20008
(ph) (202) 332-0038
(f) (202) 332-0039
tyrka@tyrkalaw.com